1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JON HUMES,                          No. 2:17-CV-2251-KJM-CMK-P

12            Plaintiff,

13        vs.                            <u>FINDINGS AND RECOMMENDATIONS</u>

14   ANN MARIE SHUBERT,

15            Defendant.

16   _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19            The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne,</u>

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Sacramento County District Attorney Ann Marie Shubert as the only defendant. Plaintiff complains that his constitutional rights are being violated by the continuing requirement to register as a sex offender. According to plaintiff:

> I won my sex case expungement on 4/11/12. Ms. Shubert and the Sacramento District Attorney's office have been issuing 290 (failure to register as a sex offender) warrants, prosecuting, and jailing me since then. I was told by the 290 registration office that they couldn't register me because I have no qualifying sex crime convictions. . . .

Plaintiff seeks $50,000,000.00 in damages.

## II. DISCUSSION

Plaintiff appears to claim that defendant Shubert is liable because she and her office are improperly enforcing the sex offender registration requirement on plaintiff even though his sex offense conviction has been expunged. According to plaintiff, he has been prosecuted and improperly jailed for failing to register as a sex offender.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Here, plaintiff alleges that he has been prosecuted and convicted for failing to register as a sex offender. While plaintiff claims that his underlying sex offense has been expunged, plaintiff does not allege that any convictions he suffered for failing to register have been overturned or expunged. Therefore, success on plaintiff's current civil rights claim that the sex offender registration requirement is being improperly enforced against him would necessarily imply the invalidity of any convictions resulting from plaintiff's failure to register as a sex offender. Because there is no indication that any such convictions have been overturned or expunged, plaintiff's claim is not cognizable.

///

The Supreme Court has held that the district courts should avoid recharacterizing a pro se litigant's civil rights claim which sounds in habeas as a habeas claim where doing so would disadvantage the litigant.  See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000).  Thus, while the district court may recharacterize a civil rights claims as a habeas claim, before doing so the court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  Id. at 383.

In this case, the court finds that plaintiff's civil rights complaint is not amendable to recharacterization as a habeas corpus action.  Specifically, plaintiff's current pleading does not set forth any of the specifics of plaintiff's allegedly improper convictions for failure to register as a sex offender, such as the dates of such convictions, or whether any such convictions have been challenged on direct review.  Moreover, if plaintiff's civil rights complaint were to be recharacterized as a habeas corpus action, Ann Marie Shubert would not be the proper respondent.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III. CONCLUSION**

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  May 24, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE